**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 14-03214 (EAG) |
| INVESTMENTS GP & SR INC., | CHAPTER 11 |
| DEBTOR. | FILED & ENTERED ON 01/7/2015 |

**OPINION AND ORDER**

On November 20, 2014, this case was dismissed for failure to comply with the court's order to show cause, dated November 4, 2014, and for failure to file a disclosure statement and plan. (Docket Nos. 104 & 109.) Pending before the court is debtor's motion for reconsideration, filed December 19, 2014, and creditor Gladys Maria Rodriguez-Aviles's opposition thereto.[1] (Docket Nos. 114 & 116.) For the following reasons, the court denies debtor's motion.

As an initial matter, debtor does not specify in its motion whether it is seeking relief under Fed. R. Bankr. P. 9023 ("Bankruptcy Rule 9023") or Bankruptcy Rule 9024. (Docket No. 114.) However, since the motion was not filed within 14 days of entry of the dismissal order, it will be considered under Bankruptcy Rule 9024. See Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 60(b)(1) ("Rule 60(b)(1)"), made applicable to this case by Bankruptcy Rule 9024, provides that "the court may relieve a party ... from a final judgment, order, or proceedings for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60 is an extraordinary remedy, and courts are therefore granted

---

[1] A prior motion for reconsideration, field December 9, 2014, was denied for failure to comply with P.R. L.B.R. 9013-1(c)(1). (Docket Nos. 111 & 112.)

"considerable discretion" in deciding such motions. In re Shepherds Hill Development Co., 316 B.R. 406, 418 (B.A.P. 1st Cir. 2004).

Debtor's motion does not specify on what legal basis it seeks relief under Rule 60(b), instead arguing only that the court failed to take into consideration that debtor had recently obtained new representation after its prior counsel had resigned, and that debtor's new counsel did not have sufficient time to prepare a disclosure statement and plan. (Docket No. 114.)  Debtor also briefly addresses the motion to lift stay filed by Ms. Rodriguez-Aviles, although the dismissal of the case and the denial of the motion for reconsideration renders this argument moot. Id. With regard to debtor's main argument,  the court first notes that debtor did not comply with its November 4, 2014 order to show cause, which is itself a basis for dismissing the case.   (Docket No. 104.)  Nor did debtor's president provide any persuasive justification for why the case should not be dismissed at the November 20, 2014 hearing.[2] (Docket Nos. 108 & 109.)  Furthermore, the court addressed debtor's difficulties in finding suitable representation at the hearing, and the record reflects that the court afforded debtor ample opportunities to obtain new counsel and to continue with the prosecution of its case. (Docket Nos. 90 & 98.)

Based on the foregoing, the court denies debtor's motion for reconsideration at docket number 114.  The case remains dismissed.  Consequently, debtor's motion at docket number

---

[2]/While First Circuit caselaw requires corporate debtors to be represented by counsel, the court allowed debtor's president to speak on debtor's behalf after its new representation failed to appear at the hearing.  See In re Las Colinas Dev. Corp., 585 F.2d 7, 13 (1st Cir. 1978) ("One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney."); see P.R. L.B.R. 1017-2(b)(2).  That being said, debtor's new attorney did not file an application to employ, as ordered by the court, and has since filed a motion withdrawing from the case, stating that it had been agreed that his representation would only be temporary.  (Docket Nos. 103 &115.)

119 to stay the foreclosure sale pending resolution of the motion for reconsideration is

deemed moot.

In Ponce, Puerto Rico, this 7th day of January, 2015.

Edward A. Godoy
U.S. Bankruptcy Judge